| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| AmTrust Bank | Toby Lee Hudson |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| David M. Anthony c/o Smythe & Puryear<br>144 Second Avenue North, Suite 333<br>Nashville, Tennessee 37201 | Howard G. Pick<br>PO Box 3285<br>Crossville, Tennessee 38557 |

PARTY (Check one box only)     ☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☒ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to Object to Dischargeability of Debt under 11 U.S.C. Sec. 523

NATURE OF SUIT
(Check the one most appropriate box only.)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. § 727
- ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

ORIGIN OF PROCEEDINGS (Check one box only)     ☒ 1 Original Proceeding     ☐ 2 Removed Proceeding     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from Another Bankruptcy Court     ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND<br>$ 40,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND<br>Check only if demanded in complaint |
|---|---|---|

BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Toby Lee Hudson | BANKRUPTCY CASE NO.<br>205-05365-MH2-7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Middle | DIVISIONAL OFFICE<br>Cookeville | NAME OF JUDGE<br>Harrison |

RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 205-05365-MH2-7 |
| TOBY LEE HUDSON, | ) | Chapter 7 |
| | ) | Judge Harrison |
| Debtor. | ) | |
| | ) | |
| ——————————— | ) | |
| | ) | |
| AMTRUST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | U.S. Bankr. Adv. Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| TOBY LEE HUDSON | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

Comes now the Plaintiff, AmTrust Bank, pursuant to 11 U.S.C. § 523, and respectfully states as follows:

### I. PARTIES

1. Plaintiff, AmTrust Bank (hereinafter "Plaintiff") is a corporation authorized to do business in Tennessee.

2. Defendant, Toby Lee Hudson (hereinafter "Hudson"), is an individual, a resident of Tennessee, and is the Debtor in the above-captioned bankruptcy proceeding.

## II. JURISDICTION

3. This adversary proceeding is one arising in the above-captioned Chapter 7 proceeding by Hudson.

4. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

5. Venue is proper under 28 U.S.C. § 1409(a).

6. This is a core proceeding under 28 U.S.C. § 157(b)(2), including, without limitation, subsection(I).

7. This action is filed within the time permitted by applicable law.

## III. FACTUAL BASIS FOR CLAIM FOR RELIEF

8. The basis of the debt owed by Hudson to Plaintiff is a certain Retail Installment and Security Agreement, dated February 28, 2005 (the "Note"). A copy of the Note is attached as **Exhibit 1**.

9. As part of his credit application for the Note, Hudson represented that, as of the time of the credit application, his income from his employment was $53,500.00 gross annually. A copy of the Credit Application is attached as **Exhibit 2**.

10. On his Schedule I of his Bankruptcy Petition, however, Hudson listed his monthly gross wages as $2,491.66, which is approximately $29,899.92.

11. At the time of making the Credit Application, Hudson knew that his income had significantly decreased and that his statements on the Credit Application were materially false.

12. In fact, it was only little over two months after entering into the Note that Hudson filed his Chapter 7 Bankruptcy Petition on May 3, 2005.

2

13. Plaintiff reasonably relied on the statements made by Hudson on the Credit Application, particularly his statement regarding his annual income.

14. Hudson's statement regarding his annual income was materially false when it was made, and Hudson made the statement with intent that Plaintiff would be deceived and rely on it in order to extend credit to him.

15. As of the filing of this Bankruptcy case, $40,758.57 remains due and owing under the Note.

## V. SUMMARY OF GROUNDS FOR RELIEF

16. Pursuant to 11 U.S.C. § 523(a)(2)(B), a discharge under 11 U.S.C. § 727 does not discharge a debtor from any debt for "money…to the extent obtained by…use of a statement in writing…that is materially false…respecting the debtor's or an insider's financial condition…on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and…that the Debtor caused to be made or published with intent to deceive."

17. By signing the Credit Application and affirming that all of the information contained therein as true and accurate, Hudson intentionally used a statement in writing that was materially false regarding his financial condition on which Plaintiff reasonably relied, and Hudson's liability for the debt under the Note should not be discharged in this Bankruptcy case.

## VI. RELIEF REQUESTED

WHEREFORE, premises considered, Plaintiff respectfully prays for the following relief:

1. That Hudson be denied a discharge as allowed under 11 U.S.C. § 523(a)(2) or any other applicable provision, as to all amounts herein described and owing to Plaintiff;

2. That the costs of this matter be taxed to Hudson; and

3. For such other and further relief as this Court shall deem appropriate.

3

Respectfully submitted,

/s/ David M. Anthony
David M. Anthony; No. 19951
David M. Smythe; No. 10114
144 Second Avenue North
The Pilcher Building, Suite 333
Nashville, TN 37201
danthony@smythepuryear.com
(615) 255-4849

Attorneys for AmTrust Bank

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller HERITAGE FORD LINCOLN-MERC, INC<br>1115 EAST SPRING STREET<br>COOKEVILLE TN 38501 | Buyer TOBY L HUDSON<br>800 E. SPRING ST APT D-2<br>COOKEVILLE TN 38501 |
|---|---|---|
| No.<br>Date 02/28/2005 | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2004<br>Make NISSAN<br>Model 350Z | VIN JN1AZ36DX4T100121<br>Lic. No./Year<br>☐ New ☒ Used | Oth 0100003151<br>Toby L. Hudson |
|---|---|---|---|

Description of Trade-In: 2002 DODGE TRUCK QUAD CAB 1D7HU18Z62S667832

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 39203.70 , plus a time price differential accruing on the unpaid balance at the rate of 6.79 % per year from today's date until maturity. The time price differential accrues on a 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 6.79 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☒ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum time price differential of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

☒ **ADDITIONAL FEES:** You agree to pay the following additional fee(s): ☒ A nonrefundable Document Preparation Fee of $ 289.00 . ☐ An additional ☐ refundable ☐ nonrefundable fee of $ N/A . These fees will be ☐ paid in cash. ☐ added to the Cash Price. ☐ paid proportionally with each payment.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 8188.53 |
|---|---|---|---|---|
| 6.79 % | $ 8644.06 | $ 39205.70 | $ 47849.76 | $ 56038.29 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 664.58 | MONTHLY BEGINNING 03/30/2005 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Late Charge:** If a payment is more than 10 days late, you will be charged a late charge of 5% ~~of the payment due~~ OT $30 which ever is less. T.H.
**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
☒ If you pay off this Contract early, you ☐ may ☒ will not be entitled to a refund of part of the Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint Prem.$ N/A Term _____
**Credit Disability:** Insured _____
☐ Single ☐ Joint Prem.$ N/A Term _____

### ITEMIZATION OF AMOUNT FINANCED
Vehicle Price (incl. sales tax of $ 1891.12 ) $ 46351.23
Service Contract. Paid to: _____ $ 330.00
    Cash Price $ 46691.23
Manufacturer's Rebate $ N/A
Cash Down Payment $ 2500.00
Deferred Down Payment $ N/A
  a. Total Cash/Rebate Down $ 2500.00
b. Trade-In Allowance $ 32500.00
c. Less: Amount owing $ 26811.47
  Paid to (includes f.): FIFTH THIRD BANK
d. Net Trade-In (b. minus c.) $ 5688.53
e. Net Cash/Trade-In (a. plus d.) $ 8188.53

Your signature below means you w[...]

EXHIBIT 1

coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____ _____ _____ _____
Buyer          d/o/b  Buyer          d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ __500.00__. If you get insurance from or through us you will pay $ __N/A__ for _____ of coverage.
This premium is calculated as follows:
- ☐ $ __N__ Deductible, Collision Coverage $ __N/A__
- ☐ $ __N__ Deductible, Comprehensive Cov. $ __N/A__
- ☐ Fire-Theft and Combined Additional Coverage $ __N/A__
- ☐ _____ $ __N/A__

**Liability insurance coverage for bodily injury and motor vehicle damage caused to others is not included in this Contract unless checked and indicated.**

☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ __N/A__ for _____ of coverage.

☒ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
__2004 NISSAN 350Z__
_____ This Service Contract will be in effect for _____

| ASSIGNMENT: This Contract and Security Agreement is assigned to __AMTRUST BANK__, the Assignee, phone (__800__) __711-4950__. This assignment is made ☐ under the terms of a separate agreement ☒ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse. Seller: By _____ Date __02/28/2005__ |

TENNESSEE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
Expere® © 1982, 1995 Bankers Systems, Inc., St. Cloud, MN Form RSSIMVLF-TN 2/24/2004

f. Amount to Finance line e. (if e. is negative)   $ _____
Down Payment (e.; disclose as $0 if negative)     $ __8188.53__
Unpaid Balance of Cash Price                       $ __38502.70__
Paid to Public Officials - Filing Fees             $ __24.00__
Document Preparation Fee Paid to Seller            $ __289.00__
Insurance Premiums*                                $ __N/A__
To: __IHA/GAP__                                    $ __390.00__
To: _____                         $ __N/A__
To: _____                         $ __N/A__
To: _____                         $ __N/A__
Total Other Charges/Amounts Pd. to Others          $ __703.00__
Less: Prepaid Finance Charges                      $ __N/A__
Amount Financed                                    $ __39205.70__

*We may retain or receive a portion of this amount.

**NOTICE TO BUYER**
(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.
**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**
The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge. 02/28/2005

Buyer: _____  2-28-05
Signature                        Date

_____  _____
Signature                 Date

Seller: By _____

(page 1 of 2)
MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

# HERITAGE
## FORD LINCOLN MERCURY

| DEALER NAME | DEALER NUMBER |
|---|---|

**APPLICANT** (PRINCIPAL DRIVER OF VEHICLE) — **JOINT APPLICANT**

- FULL NAME: Toby L Hudson
- DATE OF BIRTH: 8-17-79
- SOCIAL SECURITY NUMBER: 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
- STREET ADDRESS: 800 E. Spring St, Apt 18 — HOW LONG: 3 yrs 8 mos
- CITY: Cookeville  STATE: TN  ZIP: 38501
- HOME PHONE: 931-261-6566
- ☒ RENT/LEASE   MONTHLY PAYMENT: $200
- MORTGAGE COMPANY OR LANDLORD: Brenda Johnson
- BANK NAME: AmSouth  BRANCH: Bank  CHECKING ACCT ✓
- BANK NAME: AmSouth  BRANCH: Bank  SAVINGS ACCT ✓

- EMPLOYER NAME: Kvans  HOW LONG: 4 yrs 6 mos
- EMPLOYER ADDRESS: Crossville, TN
- POSITION/TITLE: Manager  WORK PHONE: 931-456-9228  GROSS ANNUAL SALARY: 53,500
- OTHER INCOME SOURCE: None  ANNUAL AMOUNT: $0

- AUTO CREDIT REFERENCE: Fifth Third  TRADING? NO  BALANCE: 26,686.47

- SIGNATURE OF APPLICANT  DATE: 2-21-05

### PROPOSED FINANCING TERMS / VEHICLE DESCRIPTION

(blank)

## PLEASE CHECK IF APPLICABLE

| | $ | | | $ |
|---|---|---|---|---|
| MILEAGE (ADD/DEDUCT) | | | LUGGAGE RACK | |
| CAPT CHAIRS (2) | | | RUNNING BOARDS | |
| CAPT CHAIRS (4) | | | ALLOYS | |
| PWR DOOR LOCKS | | | C.D. | |
| PWR WINDOWS | | | TOW PKGE | |
| TILT STEERING WHL | | | ANTI-THEFT | |
| CRUISE CONTROL | | | STAKE BODY | |
| AUTOMATIC TRANS | | | 4 WHEEL DRIVE | |
| AUX FUEL TANK | | | OTHER | |
| ROLL BARS | | | OTHER | |
| BEDLINER | | | OTHER | |

EXHIBIT 2