**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **TOBY L. HUDSON** | ) | **Case No. 05-05365-MH2-7** |
| | ) | **Chapter 7** |
| **Debtor** | ) | **Judge: Harrison** |
| _____ | ) | |
| | ) | |
| **AMTRUST BANK,** | ) | |
| | ) | |
| **Plaintiff/ Counter Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Adv. Proc. No. 205-0624A** |
| | ) | |
| **TOBY L. HUDSON,** | ) | **Date Set: October 19, 2006** |
| | ) | |
| **Defendant/ Counter Plaintiff** | ) | |

## ORDER RESOLVING ADVERSARY PROCEEDING

Come now the Plaintiff, AmTrust Bank ("AmTrust"), and the Debtor/Defendant, Toby Lee Hudson ("Hudson"), by and through counsel, and submit this Order Resolving Adversary Proceeding to fully resolve the Complaint Objecting to Dischargeability of Debt that was filed on August 19, 2005 (the "Complaint"). In support of this Agreed Order, the parties would show:

1.      This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.

2.      AmTrust alleged in its Complaint that the debt owed to it by Hudson is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).

3.      After sale of the collateral securing the note, AmTrust was left with an unsecured claim in this case.

4.      The parties agree that $7,500.00 of the debt owed to AmTrust by Hudson shall be excepted from Hudson's discharge pursuant to 11 U.S.C. § 523(a)(2)(B) and that the remainder of AmTrust's claim above and beyond $7,500.00 shall be discharged by the Discharge Order in this case.

5.      This Order represents a final judgment of this Court, from which execution may issue.

6.      The parties agree that the $7,500.00 non-dischargeable portion of the AmTrust claim shall not accrue interest.  Hudson shall repay this debt at the rate of $250.00 a month, with those installment payments commencing on December 1, 2006. AmTrust shall take no collection action on this debt, unless five (5) days notice of default and opportunity to cure is provided to Hudson.  In the event of a payment default that is not cured after notice, this Agreed Order shall be enforceable pursuant to the underlying terms of Hudson's Retail Installment Contract with AmTrust, subject to the terms of this express agreement that the amount owed thereunder is modified to $7,500.00 and this agreement does not accrue interest. This debt may be prepaid by Hudson at any time.

---

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

---

PREPARED FOR ENTRY:


/s/ David M. Anthony
David M. Smythe (BPR # 10114)
David M. Anthony (BPR # 19951)
Suite 333, Pilcher Building
144 Second Avenue North
Nashville, Tennessee 37201
(615) 255-4849
danthony@smythepuryear.com

Attorney for Plaintiff


/s/ Howard G. Pick
Howard G. Pick
P.O. Box 3285
Crossville, Tennessee 38557
931/456-8999
roddy@multipro.com

Attorney for Defendant


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice to the following persons:

U.S. Trustee
701 Broadway
Suite 318
Nashville, Tennessee 37203

this 20th day of October, 2006.

/s/ David M. Anthony
David M. Anthony